UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FIDELITY & GUARANTY INSURANCE COMPANY, an Iowa corporation, and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Plaintiffs,<br><br>v.<br><br>KB HOME SOUTH BAY, INC., a California corporation,<br><br>Defendant. | Case No. 5:15-cv-00062-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 10 |

This insurance coverage dispute was initiated by Plaintiffs Fidelity & Guaranty Insurance Company and Travelers Property Casualty Company of America ("Plaintiffs") against Defendant KB Home South Bay, Inc. ("Defendant"). Presently before the court is Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). See Dkt. No. 10. The motion has been fully briefed. See Dkt. Nos. 13, 15.

This matter is suitable for decision without oral argument pursuant to Civil Local Rule 7–1(b). Having carefully considered the parties' briefing, the court finds, concludes and orders as follows:

1.   Under Rule 12(b)(1), a party may file a motion to dismiss for lack of subject matter jurisdiction. A Rule 12(b)(1) motion may be either facial or factual. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). A facial 12(b)(1) motion involves an inquiry confined to the allegations in the complaint, whereas a factual 12(b)(1) motion permits the court to look beyond the complaint to extrinsic evidence. Id. When a defendant makes a facial challenge, all material

1

Case No.: 5:15-cv-00062-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

allegations in the complaint are assumed true, and the court must determine whether lack of federal jurisdiction appears from the face of the complaint itself. Id.

Federal courts are courts of limited jurisdiction, adjudicating only cases which the Constitution and Congress authorize. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996). If a court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

2. To invoke diversity jurisdiction in an action involving United States citizens, the complaint must allege that the matter in controversy is between citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a)(1). Only the amount in controversy is at issue here.

When a plaintiff files a lawsuit in federal court, the "legal certainty" test is used to determine whether the complaint meets the amount-in-controversy requirement. Naffe v. Frey, 789 F.3d 1030, 1039 (9th Cir. 2015). "Under this test, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." Id. at 1040. "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Id. Thus, "the district court must accept the amount in controversy claimed by the plaintiff unless it can declare to a legal certainty that the case is worth less." Id.

Jurisdiction "depends upon the state of things at the time of the action brought." Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 570 (2004) (internal quotations omitted). "This time-of-filing rule is hornbook law . . . taught to first-year law students in any basic course on federal civil procedure." Id. at 570-71. Moreover, "[s]ubsequent events do not confer jurisdiction." Faysound Ltd. v. United Coconut Chems., Inc., 878 F.2d 290, 296 (9th Cir. 1989).

3. In its motion, Defendant contends that Plaintiffs failed to satisfy the amount-in-controversy requirement because Plaintiffs allege in their complaint that their duty to defend in Riddle, et al. v. KB Home South Bay, Inc., et al., Case No. M126449, in Monterey County Superior Court (the "Riddle Action"), "has now ceased." Mot., Dkt. No. 10 at 10; see Compl.,

Dkt. No. 1 at ¶ 44. According to Defendant, taking the allegations as true, Plaintiffs have ended its duty to defend and therefore the amount of incurred defense fees and costs amount to $15,769.95. Mot. at 10. Furthermore, Defendant contends that due to the time-of-filing rule, Plaintiffs cannot include future defense fees and costs to satisfy the jurisdictional amount. Mot. at 10. In opposition, relying on First and Fourth Circuit case law, Plaintiffs argue that damages accruing in the future are properly counted against the jurisdictional amount if a right to future payments will be adjudged in the present suit. Opp'n, Dkt. No. 13 at 10-11. Furthermore, Plaintiffs argue that based upon other construction defect actions, they expect its attorneys' fees in the Riddle action to accrue to $200,000, and defense fees and costs to accrue "anywhere between $84,000 and $545,000." Id. at 11-12.

4. Plaintiffs' arguments are misguided. First, the Supreme Court has recognized the time-of-filing rule as a basic principle in federal civil procedure. As such, Plaintiffs must meet the amount-in-controversy requirement at the time the instant action was filed. They have failed to do so. This conclusion is reinforced by their argument urging this court to consider future defense fees and costs, and consider the defense fees and costs accrued in other actions. Second, Plaintiffs have not provided, either in the complaint or in their opposition, a believable amount to serve as the basis for the amount in controversy. Instead, without any factual basis connecting the estimates to the instant action, they declare damages figures such as $200,000, and anywhere between $84,000 and $545,000. It is clear that Plaintiffs have little idea what amount is actually in controversy in this case.

5. As of the time the complaint was filed, it appears to a legal certainty that Plaintiffs' claims for declaratory relief, breach of contract, and equitable reimbursement are for less than $75,000. See Decl. of Mary Kay Glaspy, Dkt. No. 10-1 at ¶ 5 ("To date, Plaintiffs have paid only $15,769.95 toward defense fees and costs for the Riddle Action[.]"). Therefore, this court lacks subject matter jurisdiction. Defendant's Motion to Dismiss is GRANTED, and Plaintiffs' claims are DISMISSED WITHOUT LEAVE TO AMEND since Plaintiffs did not provide any additional information besides conjecture and speculation that could be pled to satisfy their jurisdictional

1  burden.  See Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1051 (9th Cir. 2008) ("Dismissal
2  without leave to amend is proper if it is clear that the complaint could not be saved by
3  amendment.").    The Clerk shall close this file.

5  **IT IS SO ORDERED.**

6  Dated: September 21, 2015



EDWARD J. DAVILA
United States District Judge